**TOM BENSON CHEVROLET COMPANY, INC., Appellant,**

v.

**Ron BEALL, d/b/a Gas Outlet Auto Parts, Appellee.**

**No. 15940.**

Court of Civil Appeals of Texas, San Antonio.

June 7, 1978.

Rehearing Denied July 12, 1978.

Carl Robin Teague, Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., San Antonio, for appellant.

Arnold L. Levey, San Antonio, for appellee.

MURRAY, Justice.

This is a garnishment suit that was instituted by Ron Beall, as garnishor, against Tom Benson Chevrolet Company, as garnishee ancillary to a suit wherein garnishor obtained a judgment against Tom Amonett, as defendant. Ron Beall will be hereinafter referred to as garnishor, Tom Benson Chevrolet Company as Benson or garnishee, and Tom Amonett as defendant. The chronology of this case is as follows:

(1) August 30, 1976, a default judgment was rendered against defendant in the amount of $1,310.96 and costs;

(2) September 3, 1976, garnishor filed his application for writ of garnishment and writ of garnishment was served on Benson;

(3) September 8, 1976, defendant filed a motion for new trial;

(4) September 9, 1976, Benson paid defendant, doing business as "Auto Sheen Car Cleaning," $2,186.50;

(5) September 24, 1976, Benson answered and denied that it was indebted to the defendant then or when the return was served;

(6) September 29, 1976, the trial court granted defendant's motion for new trial;

(7) October 14, 1976, judgment was again rendered against defendant in favor of garnishor in the amount of $1,737.64 plus interest and costs;

(8) October 18, 1976, garnishor controverts garnishee's answer;

(9) May 10, 1977, judgment was entered for garnishor against garnishee in the amount of the first judgment with interest thereon from the date of the first judgment.

Benson had several contracts with defendant, Tom Amonett, doing business as Tom's Make Ready and Tom's Auto Cleaning, whereby defendant agreed to clean new cars for Benson prior to delivery. Upon receiving the writ of garnishment, the garnishee refused to do business with Tom Amonett doing business as Tom's Make Ready or Tom's Auto Cleaning. Defendant told Benson sometime in September that he had a new employer which was Auto Sheen Car Cleaning and that they would like to do business with Benson and there would be no problem because Benson would be paying the money to Auto Sheen and not to him, and thereafter, Benson did

business with Auto Sheen, Amonett's employer. The assumed name certificate of Auto Sheen Car Cleaning was introduced into evidence and showed that defendant was the sole owner of Auto Sheen Car Cleaning.

It is undisputed that both judgments involved were against Tom Amonett alone. The writ of garnishment mentions only Amonett and not Auto Sheen Car Cleaning.

 We first consider garnishee's points of error that there is no evidence and insufficient evidence to support the trial court's finding that garnishee knew or should have known that defendant was doing business under the assumed name of Auto Sheen Car Cleaning. We hold that under the evidence in this case, Benson, by the exercise of ordinary diligence, should have ascertained the type of business and ownership with which it was dealing. Benson should have known that the debtor named in the writ of garnishment was the same as the creditor which it owed money. The trial court's finding as to actual notice and knowledge are sufficiently supported by the record.

Benson's other points of error assert that the garnishment judgment cannot stand for the reason that the garnishor did not have a judgment to support the garnishment judgment and that when the first judgment was set aside it destroyed the existence of the judgment on which the garnishment judgment was based. We agree.

 It is apparent that the trial court has entered a judgment in this case against the garnishee, Tom Benson Chevrolet, based upon a judgment that has been set aside by the trial court. On May 10, 1977, the only judgment against the defendant was dated October 14, 1976. On this date, garnishee had no property in his possession belonging to defendant. On September 29, 1976, when the trial court granted the motion for new trial, the judgment of August 30, 1976, no longer existed. *Luck v. Hopkins*, 92

Tex. 426, 49 S.W. 360 (1899); *Turner v. Texas Sportservice*, 312 S.W.2d 388 (Tex. Civ.App.—San Antonio 1958, writ ref'd n. r. e.); Tex.R.Civ.P., 329b (1978). In *Turner*, the court said at page 392, "When the Court on August 13, 1957, set aside the June 26th judgment, the status of the case was just the same as if the judgment had not been rendered . . . ." The remedy of garnishment is summary and harsh and it follows that such proceedings cannot be sustained unless they are in strict conformity with statutory requirements. *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039 (1937). Garnishment is but a mode of enforcing execution of a court's judgment. *Kelly v. Gibbs*, 84 Tex. 143, 19 S.W. 380 (1892), 84 Tex. 143, 19 S.W. 563 (rehearing) (Tex. 1892). In *Kelly*, our Supreme Court stated 19 S.W. at page 563:

> It follows, therefore, that at any stage of the proceedings in garnishment he should have the right to show either that the judgment relied upon by the plaintiff to support his garnishment does not, in fact, exist, or that it is void."

A judgment that is nonexistent will not support a garnishment judgment.

We need not discuss the second judgment as the garnishment was filed prior to the rendition of the second judgment and the court does not purport to base the garnishment judgment thereon.

The judgment of the trial court is reversed and rendered that garnishor take nothing. Garnishee's demand for compensation is remanded to the trial court for further proceedings.

KLINGEMAN, Justice, dissenting.

I dissent. I would affirm the judgment of the trial court.

The trial court made extensive findings of fact and conclusions of law which are not included in the majority opinion, and they are herein set forth in a footnote.[1]

---

1. *Findings of Fact and Conclusions of Law*

Findings of Fact:

(1) On August 30, 1976, a Judgment was recovered by Ron Beall against Tommy Amonett for the sum of $1,010.96, $300 attorney's fees, interest thereon at 10% per annum and costs of court. A total of $1,390.16.

(2) On September 3, 1976, a Writ of Garnishment was served on the Garnishee. On that date, the Garnishee was indebted to Tommy Amonett in the sum of $2,186.50.

(3) On August 11, 1976, Tommy Amonett registered "Auto Sheen Car Cleaning" as an assumed name.

The majority has held that under the evidence in the case, Benson, by the exercise of ordinary diligence, should have ascertained the type of business and ownership with which it was dealing, and should have known that the debtor named in the writ of garnishment was the same as the creditor which it owed money; and that the trial court's finding as to actual notice and knowledge is sufficiently supported by the record. I agree with this holding and will not discuss it further.

However, I disagree with the majority holding that the garnishment judgment cannot stand for the reason that the garnishee did not have a judgment to support the garnishment judgment.

The majority opinion does not discuss or even mention the provisions of Rule 657, Texas Rules of Civil Procedure. The applicable garnishment statute, Article 4076 of the Revised Civil Statutes of Texas, provides in subdivision 3 that a writ of garnishment may issue when the plaintiff has a valid and subsisting judgment and makes affidavit that the defendant has not within his knowledge property in his possession within the state subject to execution sufficient to satisfy the judgment. Rule 657, Texas Rules of Civil Procedure, provides that in the case mentioned in subdivision 3 of Article 4076, the judgment shall be deemed final and subsisting for the purpose of garnishment from and after the date of its rendition, unless a supersedeas bond shall have been approved and filed in accordance with Rule 364.[2]

No supersedeas bond was ever filed in said cause.

It is undisputed that a judgment was entered in favor of the garnishor against the defendant, Tom Amonett, on August 30, 1976; that it was never superseded; that it was in effect and a subsisting judgment at the time the writ of garnishment was issued, when such writ was served, when the garnishee paid the defendant and when the garnishee filed its answer. It is also undis-

(4) On September 9, 1976, Garnishee paid the $2,186.50 to Auto Sheen Car Cleaning, solely owned by Tommy Amonett.

(5) On September 24, 1976, Garnishee filed an Answer stating that it was not indebted to Tommy Amonett at the time that the Writ of Garnishment was served when, in fact, it was so indebted at that time to him, and, in spite of the service of said Writ, payed [sic] the hereinabove mentioned sum to Tommy Amonett.

(6) On September 29, 1976, the Judgment entered in Cause 106,548 was set aside and a new trial was granted.

(7) On October 14, 1976, after a retrial, Judgment was again entered in favor of the Plaintiff against Tommy Amonett for the sum of $1,137.64, attorney's fees of $600 and interest thereon at 9% per annum.

(8) No Supersedeas Bond was ever filed in said cause.

(9) Garnishee had done business with Tommy Amonett for a number of months under more than one trade name and had actual knowledge that Tommy Amonett was doing business under the name of Auto Sheen Car Cleaning.

(10) There was such a relationship between Tommy Amonett and Auto Sheen Car Cleaning that warranted investigation on the part of Garnishee in light of the Writ of Garnishment.

Conclusions of Law:

(1) There was a final subsisting Judgment in favor of Plaintiff against Tommy Amonett in accordance with Rule 657 at the time the Writ of Garnishment was applied for, when it was issued, when it was served, and when Garnishee filed its answer.

(2) There was a final subsisting Judgment in favor of Plaintiff against Defendant when this cause was tried.

(3) As the Garnishee was indebted to Tommy Amonett in a sum greater than the amount of the Judgment in Plaintiff's favor when the Writ was served upon Garnishee, Plaintiff is entitled to Judgment against Garnishee for the amount of the Judgment as of the date when said Writ was served.

2. Under the majority opinion, a garnishee, who has been served with a writ of garnishment by a garnishor who has at such time an existing judgment against a debtor, could continue to make payments to such judgment debtor even though the garnishee knows or should have known that the debtor named in the writ of garnishment was the same as a creditor which it owed money. This could continue for a considerable period of time—until a motion for new trial was filed by the judgment debtor, and if so filed until it is overruled, or overruled by operation of law. During such period of time, funds which would ordinarily be available to the garnishor would be dissipated, often to the garnishor's prejudice. This totally ignores the provisions of Rule 657, Tex.R.Civ.P., as to finality of judgments for purpose of garnishment.

puted that at the time the garnishment judgment here under attack was rendered, garnishor was a holder of a valid and subsisting final judgment against the judgment debtor.

The established rule in Texas is that a garnishee cannot after service of process prejudice the rights of a plaintiff in a lawsuit, and if he transfers during the pendency of the garnishment any of the indebtedness belonging to the defendant in the suit, he does so at his peril. *Westridge Villa Apartments v. Lakewood Bank & Trust Co.*, 438 S.W.2d 891, 894 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n. r. e.); *Pure Oil Co. v. Walsh-Woldert Motor Co., 36 S.W.2d 802 (Tex.Civ.App.—Texarkana 1931, writ dism'd).*

Under the record, the garnishment judgment here under attack was proper. I would affirm the judgment of the trial court.