James ENIS, Relator,

v.

The Honorable Shearn SMITH, Judge, Respondent.

No. 94–0442.

Supreme Court of Texas.

Sept. 15, 1994.

Joe M. Enis, Austin, for relator.

Hugh L. McKenney, Joel L. Jesse, Edmund L. Cogburn, David L. Pybus, Houston, for respondent.

PER CURIAM.

The Real Party in Interest's motion for rehearing is overruled. This Court's opinion

---

of June 15, 1994, is withdrawn, and the following is substituted in its place.

This mandamus action presents the question whether a Texas trial court should have vacated its turnover order against a debtor after the foreign judgment on which it was based was declared void. The trial court denied the debtor's motions to vacate the order and for a new trial. We conditionally grant mandamus relief.

In December 1988, International Recovery Systems, Inc. ("International") obtained a default judgment against James Enis in the district court of Clark County, Nevada, for an unpaid gambling debt of $200,000. In March 1992, International filed a petition to enforce the judgment under the Uniform Enforcement of Foreign Judgments Act in district court in Harris County, Texas.

In October 1993, David Sheinfeld, a former business partner of James Enis, purchased the Nevada default judgment from International. In December 1993, Sheinfeld filed for and obtained a turnover order in the Harris County district court directing Enis's debtors to pay all amounts due him into the court's registry for the satisfaction of the Nevada judgment.

Enis then applied for a stay of the turnover order and shortly thereafter moved to vacate the foreign judgment, arguing that the foreign judgment was void because the Nevada court lacked personal jurisdiction over him. The trial court denied Enis's motion, finding that the Nevada judgment was facially valid and subsisting and that Enis failed to prove that the Nevada court had lacked jurisdiction over him.

On April 1, 1994, the Nevada court set aside and declared void the Nevada default judgment. Enis returned to Harris County and filed a motion to reconsider his motion for a new trial. The Texas court overruled his motion on April 15, 1994. The Nevada court has since dismissed the underlying lawsuit in its entirety.

Enis argues that the trial court abused its discretion in refusing to set aside or vacate the turnover order because a Texas court may not enforce an out-of-state judgment that has been declared void by the rendering

court. Sheinfeld, as the real party in interest, responds that Enis has an adequate remedy by appeal of the turnover order, and that Enis's motions to vacate and for a new trial were untimely.

■ We agree with Enis that the trial court abused its discretion in continuing to enforce the turnover order. A void judgment will not support a turnover order. *See Kelly v. Gibbs,* 84 Tex. 143, 19 S.W. 563 (1892) (void judgment will not support garnishment judgment); *Tom Benson Chevrolet Co., Inc. v. Beall,* 567 S.W.2d 857, 859 (Tex. Civ.App.—San Antonio 1978, writ ref'd n.r.e.) (same).

■ Mandamus will lie to set aside an order of a trial court that seeks to enforce a foreign judgment, where the judgment has been vacated by the rendering foreign court. *See generally Geary v. Peavy,* 878 S.W.2d 602 (Tex.1994) (granting mandamus relief to reconcile conflicting Texas and Minnesota judgments). In such cases, the incompatibility of the appellate timetables of Texas and its sister states may deprive litigants of the ability to file timely appeals of turnover orders in Texas. In the present case, the Nevada court vacated its judgment more than thirty days after the Houston trial court granted the turnover motion.

Accordingly, a majority of the Court grants relator's motion for leave to file, and without hearing oral argument, conditionally grants mandamus relief. TEX.R.APP.P. 122. The writ will issue only if respondent fails to act in accordance with this opinion.