**In re Jerry HAMEL.**

**No. 04–05–00359–CV.**

Court of Appeals of Texas,
San Antonio.

Sept. 14, 2005.

See also, 2004 WL 1968277

Cyrus F. Rea II, Hargrove & Rea, P.C., San Antonio, for appellant.

John C. Chunn, John C. Chunn, P.C., New Braunfels, for appellee.

Sitting: CATHERINE STONE, Justice,
SARAH B. DUNCAN, Justice,
REBECCA SIMMONS, Justice.

## OPINION

Opinion by REBECCA SIMMONS, Justice.

In this mandamus action, relator seeks to vacate a turnover order based upon a void judgment. In that this court previously determined the underlying default judgment was in fact void, we are of the

opinion the turnover order should be vacated.

## BACKGROUND

Hamel and Providence entered into a contract for Providence to purchase property from Hamel. Following the purchase, a dispute ensued over $4,000.00, which Providence claimed was an undisclosed tax liability and which Hamel claimed was owed as part of the purchase price. Both parties brought suit in 2001. Unbeknownst to Hamel, in March 2003, Providence requested a trial setting and on June 2, 2003, Providence obtained a post-answer default judgment in favor of Providence for over $3,000,000.00.

Moreover, in March of 2003, as Providence was filing motions and seeking the default judgment against Hamel without his knowledge, Providence simultaneously began negotiations with Hamel for two additional tracts of land owned by his daughter. The property in question was transferred into Hamel's name on July 29, 2003. On August 20, 2003, Providence sought a turnover order based on the default judgment Providence obtained from the trial court.

At the August 25, 2003 closing, instead of paying Hamel for the additional tracts of land, Providence presented Hamel with the Abstract of Judgment and Turnover Order. Five days later, on August 30, 2003, Hamel filed a motion for a new trial which was ultimately denied by the trial court on October 1, 2003. This court subsequently reversed the post-answer default judgment and remanded the case for trial, in *Hamel v. Providence Construction, Inc.*, 2004 WL 1968277 (Tex.App.-San Antonio 2004, pet. denied). Hamel now seeks to vacate the turnover order issued by the trial court.

## STANDARD OF REVIEW

■ ■ Writs of mandamus will issue only to compel performance of a non-discretionary, ministerial duty or to correct a "clear abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). The mandamus will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies" or when an aggrieved party has an adequate remedy by appeal. *Id.* at 840. In the context of factual matters, an abuse of discretion is shown only if, on the evidence before it, the trial court could reasonably have reached only one decision. *Id.* at 839–40. However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* at 840. Accordingly, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.* Jurisdiction by this avenue is available in limited circumstances and the burden of showing both an abuse of discretion and that the abuse cannot be remedied by appeal is a heavy one. *In re Crow–Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex.2003). The requirement of an inadequate remedy is met only when the parties are in danger of permanently losing substantial rights. *Walker*, 827 S.W.2d at 842; *Texas Commerce Bank, N.A. v. Prohl*, 824 S.W.2d 228, 229 (Tex.App.-San Antonio 1992, orig. proceeding) (Mandamus will not issue if the relator has another adequate remedy, even if the relator was entitled to the action sought as a matter of law.)

## ANALYSIS

The Texas turnover statute is a procedural device to assist judgment creditors in post-judgment collection. The statute empowers courts to order a judgment debtor to turn over nonexempt property

that is in the debtor's possession or subject to the debtor's control, including present or future rights to property. *See* Tex. Civ. Prac. & Rem.Code Ann. § 31.002 (Vernon Supp.2004–05); *Commerce Sav. Ass'n v. Welch,* 783 S.W.2d 668, 671 (Tex.App.-San Antonio 1989, no writ). Subsection (d) of Section 31.002 provides the judgment creditor with the option of moving for a turnover order in the same proceeding in which judgment was rendered or in an independent proceeding. Tex. Civ. Prac. & Rem.Code Ann. § 31.002(d). The judgment debtor must own the property and it must be property that a creditor cannot readily attach or levy on by ordinary legal means.

▮▮▮ As a general rule, turnover orders are final, appealable orders. *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.,* 909 S.W.2d 505, 506 (Tex. 1995). Therefore, mandamus relief is usually not available if the order complained of is appealable because an appeal is almost always an adequate remedy at law. *Republican Party of Texas v. Dietz,* 940 S.W.2d 86, 88 (Tex.1997) (orig. proceeding). "But on rare occasions an appellate remedy, generally adequate, may become inadequate because the circumstances are exceptional." *In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex.1999) (orig. proceeding)(holding that mandamus is appropriate when trial court's actions showed total disregard for guiding principles of law resulting in irreparable harm). This is such a case. The turnover order in the present case is based on a void judgment.

### OUT OF TIME APPEAL

▮▮▮ Providence argues Hamel has waived his right to challenge the turnover order, resulting in nothing more than an out of time appeal. We disagree. This case is analogous to *Enis v. Smith,* 883 S.W.2d 662 (Tex.1994), wherein the Supreme Court held that mandamus would lie to set aside a turnover order after the underlying out-of-state judgment was set aside by the issuing court for lack of personal jurisdiction over the defendant. In *Enis,* the plaintiff obtained a default judgment against Enis for an unpaid gambling debt of $200,000.00 in Clark County, Nevada. The plaintiff then filed a petition to enforce the judgment in Harris County, Texas. The plaintiff sold the default judgment to a third party who filed for and obtained a turnover order in Harris County directing Enis' debtors to pay all amounts due him into the court's registry for satisfaction of the Nevada judgment. Enis applied for a stay of the turnover order and moved to vacate the foreign judgment based on lack of personal jurisdiction. The Nevada court subsequently voided the Nevada default judgment. Enis then returned to Harris County wherein the trial court denied his Motion for New Trial. The appellate court held a void judgment will not support a turnover order and therefore the trial court abused its discretion in continuing to enforce the turnover order. *Id.* at 663 (citing *Kelly v. Gibbs,* 84 Tex. 143, 19 S.W. 563 (1892) (Void judgment will not support garnishment))[2], *see also Matthiessen v. Schaefer,* 915 S.W.2d 479, 480 (Tex.1995) (If the underlying judgment is reversed on appeal, then the turnover order also must be reversed).

Only last year, in *In re Alsenz,* 152 S.W.3d 617 (Tex.App.-Houston [1st Dist.]

---

**2.** This case is also similar to the garnishment cases wherein the courts have continually held that a judgment entered against a garnishee cannot stand when the underlying judgment has been set aside. *Tom Benson Chevrolet Co., Inc. v. Beall,* 567 S.W.2d 857, 859 (Tex.Civ.App.-San Antonio 1978, writ ref'd n.r.e.); *Owen Electric Supply, Inc. v. Brite Day Construction, Inc.,* 821 S.W.2d 283 (Tex.App.-Houston [1st Dist.] 1991, writ denied).

2004, no pet.), the court addressed a similar situation. After a divorce decree was entered awarding the appellee attorney's fees, the court ordered that a cash deposit of $97,351.00, made in lieu of supersedeas bond, be released from the registry of the court. The appellee then filed a Motion to Release Supersedeas Bond asking the trial court to condition the release of the supersedeas bond upon the turnover of $45,784.17 to her attorney to satisfy her attorney's fees. Appellee convinced the trial court to sign an "Order on Motion to Release Supersedeas Bond" which was in effect a turnover order. Appellant filed a petition for writ of mandamus and motion for emergency temporary relief. Like appellee's argument in this case, the appellee argued that the appellate court should not issue a writ of mandamus if an alternative adequate remedy exists. She urged that mandamus is an extraordinary remedy and should only be available in limited circumstances. *Id.* at 620. The court disagreed and held "without a final judgment, a turnover order is void, and mandamus relief lies to vacate the void order." *Id.; see also Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex.1973) (providing mandamus relief for a void nunc pro tunc judgment entered after original judgment had become final).

Hamel's sole complaint is that the turnover order is based upon a void judgment. The judgment was not declared void until this court so ruled in *Hamel v. Providence Construction, Inc.,* 2004 WL 1968277 (Tex. App.-San Antonio 2004, pet. denied). Once the judgment was reversed, all dependent causes of action were simultaneously defeated. *Busby v. Jones,* 134 Tex. 241, 133 S.W.2d 566, 571 (1939).

### DOCTRINE OF LACHES

■ Alternatively, Providence argues that Hamel is barred from seeking mandamus by the doctrine of laches. Ordinarily,

a petition for writ of mandamus should be brought promptly. In *Rivercenter Associates v. Rivera,* 858 S.W.2d 366 (Tex.1993) (orig. proceeding), the Texas Supreme Court noted that:

> Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. One such principle is that "[e]quity aids the diligent and not those who slumber on their rights."

*Id.* at 367 (citations omitted). This is not a case where relator "slept on his rights." The record shows relator successfully brought an action to reverse the default judgment. The mandate issued on March 4, 2005 and on March 8, 2005, relator requested the trial court reverse its turnover order based on a void judgment.

■ Moreover, a party asserting the defense of laches must show both an unreasonable delay by the other party in asserting its rights and harm resulting to it because of the delay. *In re Bahn,* 13 S.W.3d 865, 871 (Tex.App.-Fort Worth 2000, orig. proceeding); *Sanchez v. Hester,* 911 S.W.2d 173, 177 (Tex.App.-Corpus Christi 1995, orig. proceeding) (citing *Rogers v. Ricane Enterprises, Inc.,* 772 S.W.2d 76, 80 (Tex.1989)). In this case, there is nothing in the record to indicate any harm to Providence. Although allegations are raised with regard to improvements made to the land, Providence did not make these improvements and has no standing to raise the issue. Relator's request for mandamus relief is, therefore, not barred by laches.

### TRESPASS TO TRY TITLE

■ Providence next asserts that trespass to try title is the exclusive remedy by which to resolve competing claims to the property. TEX. PROP.CODE ANN. § 22.001

(Vernon 2000); *Ely v. Briley*, 959 S.W.2d 723, 727 (Tex.App.-Austin 1998, no pet.). This argument neglects the fact that the judgment upon which the turnover order is predicated has been reversed. The default judgment was improperly taken and relator's property is thus in the wrong party's hands. *See Hamel v. Providence Construction, Inc.*, 2004 WL 1968277 (Tex. App.-San Antonio 2004, pet. denied).

Providence would have relator unnecessarily file a new cause of action and relitigate the issues already addressed by this court. *Currie v. Drake*, 550 S.W.2d 736, 740 (Tex.Civ.App.-Dallas 1977, writ ref'd n.r.e.)("The right of restitution of what one has lost by the enforcement of a judgment subsequently reversed has long been recognized."). Moreover, it has been previously held that the successful appellant is entitled to seek restitution in the same proceeding without resorting to a new suit. *Outdoor Systems, Inc. v. BBE, L.L.C.*, 105 S.W.3d 66, 75 (Tex.App.-Eastland 2003, pet. denied). We hold mandamus is the appropriate remedy in this matter.

CONCLUSION

The judgment upon which the turnover order was based is void. Therefore, relator is entitled to a writ of mandamus directing the trial court to vacate the turnover order. We conditionally grant Hamel's petition and order the trial court to vacate the turnover order. The writ will issue only if the trial court fails to vacate the turnover order before September 28, 2005.