Opinion issued March 31, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

No. 01–09–00747–CV

No. 01-09-01084–CV

———————————

Michael W. Elliott, Appellant

V.

James A.
West and Ross Reporting, Inc., Appellee



 



 

On Appeal from the Civil County Court at Law Number Four 

Harris County, Texas



Trial Court Case No. 932254-801

 



 

MEMORANDUM OPINION

          Appellant
Michael W. Elliott appeals from the denial of his motion to dissolve a writ of
garnishment and a final judgment in a garnishment action brought by appellees
Ross Reporting Services, Inc. (“Ross”) and James A. West to collect on prior
judgments against Elliott.  Elliott argues that the trial court
abused its discretion by issuing the writ of garnishment because the writ was
issued against property that Elliott does not own, and Elliott did not receive
notice of the writ pursuant to Rule 663a of the Texas Rules of Civil Procedure.  With respect to the final judgment in the
garnishment proceeding, Elliott asks whether the trial court erred “by
proceeding to judgment on a garnishment action when the underlying case was on
appeal, but no supersedeas bond has been filed?”  We affirm.

Background

          Elliott
has filed three related appeals in this court. 
We have consolidated these two appeals[1] and issued an opinion in
the other related appeal concurrently with this opinion.  In his first appeal, Elliott appealed from a
summary judgment granted in favor of Ross and West by the county court at law
on April 16, 2009.  We affirmed.  This appeal relates to a subsequent
garnishment action filed by Ross and West to collect on their judgments against
Elliott.   

Ross and West commenced this
garnishment action by filing an application for writ of garnishment, naming
Brazos Valley Schools Credit Union (the “bank”) as the garnishee.  The bank filed an answer in which it stated
that it held funds belonging to Elliott in three accounts in amounts of
$410.83, $82.98, and $2,551.52 ($1,800.00 frozen), respectively.  The bank identified the accounts as held in
Elliott’s name with Elliott’s wife as the co–owner of the accounts.  The county court at law granted the
application for writ of garnishment and denied Elliott’s subsequent motion to
dissolve the writ of garnishment.  The
county court at law subsequently entered a final summary judgment awarding the
garnished funds to Ross and West, and this appeal followed.

The Garnishment Action

A.              
Standard of Review

We review summary judgments de
novo.  Amegy Bank Nat’l Ass’n v. S. Crushed Concrete, Inc., No.
01–07–00359–CV, 2009 WL 943758, at *3 (Tex. App.—Houston [1st Dist.] April 9,
2009, pet. denied) (mem. op.) (affirming summary judgment in garnishment
action) (citing Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005)). 
We review the evidence in the summary judgment record in the light most favorable to the
party against whom the summary judgment was rendered, crediting evidence
favorable to that party if reasonable jurors could, and disregarding contrary
evidence unless reasonable jurors could not. 
Id. (citing City of Keller
v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).  Traditional summary judgment may be granted
only if the movant establishes that no genuine issue of material fact exists
and that judgment should be rendered in the movant’s favor as a matter of
law.  Id.;
Tex .R. Civ. P. 166a(c).

We review a trial court’s ruling on a motion to dissolve a
writ of garnishment for abuse of discretion. 
Simulis, L.L.C. v. G.E. Capital Corp., 276 S.W.3d 109, 112 (Tex.
App.—Houston [1st Dist.] 2008, no pet.) (citing Gen. Elec. Capital Corp. v.
ICO, Inc., 230 S.W.3d 702,
705 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)).  A trial court abuses its discretion if it
acts without reference to guiding rules and principles or in an arbitrary or
unreasonable manner.  Id. (citing
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42
(Tex. 1985)).

B.      Applicable Law

Garnishment is a statutory proceeding whereby the property,
money, or credits of a judgment debtor that are in the possession of another
are applied to the payment of the debt owed by the judgment debtor.  See Tex.
Civ. Prac & Rem. Code §§ 63.001-.008 (West 2008); Tex. R. Civ. P. 657–679; Bank One, Tex. v. Sunbelt Sav., 824 S.W.2d 557, 558 (Tex.
1992).  A garnishment action is commenced
by a judgment creditor against a third party garnishee who holds property of
the judgment debtor.  Tex. R. Civ. P. 658, 659.  Garnishment can
only proceed on a prior judgment that is final. 
Tex. R. Civ. P. 658.  A judgment is final for purposes of a
garnishment action when the judge signs the judgment, unless the judgment
debtor posts a proper supersedeas bond.  Tex. R. Civ. P. 657.  

When a garnishment action is commenced, the court may, after
hearing or upon final judgment, grant the application for writ of garnishment,
entering specific findings of fact to support the statutory grounds found to
exist and specifying the maximum value of property or indebtedness that may be
garnished and the amount of bond that must be posted by the judgment
creditor.  Tex. R. Civ. P. 658. 
If the court grants the application for garnishment, the writ is served
on the garnishee and the judgment debtor. 
Tex. R. Civ. P. 663,
663a.  The garnishee then files an answer
that details any funds it is holding for the judgment debtor.  Tex.
R. Civ. P. 659, 665.  At this
point, the judgment debtor may replevy the funds held by the garnishee by
posting sufficient bond.  Tex. R. Civ. P. 664.  The only issue to be tried in a garnishment
proceeding is who is entitled to the funds involved in the proceeding.  Owen Elec. Supply, Inc. v. Brite Day
Constr., Inc., 821 S.W.2d
283, 286 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (citing Home
Improvement Loan Co. v. Brewer, 318 S.W.2d 673, 677 (Tex. Civ. App.—Dallas
1958, writ ref’d n.r.e.)).  If the
garnishee holds funds for the judgment debtor and the court determines that the
judgment creditor is entitled to those funds, the court may enter a final
garnishment judgment directing the garnishee to pay funds it holds for the
judgment debtor directly to the judgment creditor.  See,
e.g., Simulis, L.L.C., 276 S.W.3d at 116; Amegy Bank Nat’l Ass’n, 2009 WL 943758, at *4 n.7.

C.      The
Writ of Garnishment

          Elliott challenges the trial court’s
writ of garnishment on two bases: (1) the writ was issued against property that
Elliott does not own, and (2) Elliott did not receive notice of the writ
pursuant to Rule 663a of the Texas Rules of Civil Procedure.  We overrule both complaints.

1.                
Ownership of the Garnished Funds

In his verified motion to dissolve the writ of garnishment,
Elliott asserts that the funds held by the bank are actually the sole and
separate property of his wife.  Elliott
contends that this statement in the motion is evidence establishing that he
does not own the money in the accounts as a matter of law.  Ross and West respond that the bank’s answer
is some evidence that Elliott owns the funds in the accounts; Elliott’s
assertion that the funds are the separate property of his wife is conclusory
and, therefore, not competent summary judgment evidence; and in any event,
Elliott has failed to overcome the strong presumption that property held by
either spouse during the marriage is community property.

The parties do not dispute that the funds in question are
held by the bank in an account on which Elliott and his wife are co-owners.  Under Texas law, property possessed by either
spouse during marriage is presumed to be community property.  Tex.
Fam. Code Ann. § 3.003(a) (West 2006); e.g., Filingim v. Fillingim, — S.W.3d —, No. 10–0013, 2011 WL
117664, *2 (Tex. Jan. 14, 2011); Osborn
v. Osborn, 961 S.W.2d 408, 414 (Tex. App.—Houston [1st Dist.] 1997, pet.
denied).  To overcome that presumption,
the party claiming separate ownership of the property must trace and clearly
identify the property in question as separate by clear and convincing
evidence.  Filingim, — S.W.3d at —, 2011 WL 117664, at *2 (citing Tex. Fam. Code Ann. § 3.003; McKinley v. McKinley, 496 S.W.2d 540,
543 (Tex. 1973); Tarver v. Tarver,
394 S.W.2d 780, 783 (Tex. 1965)); see Osborn,
961 S.W.2d at 414.  Elliott’s conclusory
assertion that the funds are the sole and separate property of his wife does
not satisfy his burden of providing clear and convincing evidence tracing
ownership of the property so as to establish his wife’s separate ownership of
the funds.  Cf. Filingim, — S.W.3d at —, 2011 WL 117664, at *2 (holding that
property was community property because party failed to offer clear and
convincing evidence of separate character of property).  

 We conclude that the
trial court did not abuse its discretion in failing to dissolve the writ of
garnishment on this ground.  

2.                
Notice

Elliott asserts in his appellate brief that he was “never
served with a copy of the writ [of garnishment].”   See Tex. R. Civ. P. 663a (governing service
of writ of garnishment on defendant).  In
support of this assertion, he cites a single page in the appellate record,
which is the second page of his motion to dissolve the writ of
garnishment.  On that page, Elliott
admits that he received the writ of garnishment from the bank on July 6, 2009
but, in a footnote, complains that he was not also served with the writ of
garnishment by the trial court or Ross and West.  Ross and West respond that they did serve
Elliott with notice of the writ of garnishment and have evidence to verify
service, but the evidence is not in the appellate record because Elliott never
raised this issue before the trial court and, therefore, did not preserve the
issue for appeal. 

The writ of garnishment in the record complies with the
specific form set out in Rule 663a.  Tex. R. Civ. P. 663a.  Rule 663a requires that the defendant be served
with the writ in any manner permitted by Rule 21a, “as soon as practicable
following the service of the writ.”  Id.; see
also Tex. R. Civ. P. 21
(governing methods of service).  The
record establishes that Elliott received a copy of the writ from the garnishee,
the bank, on June 6, 2009—four days after it was issued.  To the extent Elliott’s issue on appeal may
be read as arguing that Rule 663a is not satisfied here because he was served
by the wrong party or service did not comply with Rule 21a, Elliott did not
raise this issue before the trial court. 
Elliott’s only indication of a complaint about service appears in the
footnote where he states that he was not served by the court or Ross and West.  Elliott did not ask the trial court to
dissolve the writ of garnishment on this ground or otherwise put the issue
before the trial court for ruling.  Cf. Conwright v. State, No.
05–09–01409–CR, 2010 WL 4324442, *2 (Tex. App.—Dallas Nov. 3, 2010, pet. filed)
(not designated for publication) (holding that complaints relating to
garnishment were not preserved for appeal where appellant failed to raise
complaints in trial court).  Thus,
Elliott did not give the trial court an opportunity to rule on any objection he
might have had to defects in service of the writ, nor did the trial court make
any such ruling.  Additionally, Ross and
West were not put on notice that they needed to file evidence on this
issue.  We therefore conclude that Elliott
has not preserved for appeal his complaint about the procedural correctness of
the manner in which he received the writ of garnishment.  See
Conwright, 2010 WL 4324442, at *2; Tex.
R. App. P. 33.1(a).

D.      Judgment
in the Garnishment Action

Elliott argues that the county court at law’s entry of final
judgment in the garnishment action was improper because the action in which an
underlying judgment was entered was pending on appeal.  Relying on Taylor v. Transcontinental Properties, Limited, 670 S.W.2d 417
(Tex. App.—Tyler 1984), rev’d 717
S.W.2d 890 (Tex. 1986), Elliott argues that the underlying judgment is not
final until it has reached the stage of the judicial process in which it is no
longer subject to being set aside by the trial or appellate court.  This Court has rejected reliance on Taylor for this proposition, noting that
the Tyler court’s opinion was subsequently reversed by the Texas Supreme Court
and expressly renouncing the principal that a judgment is not final until
expiration of the appellate timetables where no supersedeas bond has been
filed.  Rosenthal v. Rosenthal,
No. 01-99-00058-CV, 2001 WL 1383132, at *7 (Tex. App.—Houston [1st Dist.] Nov.
8, 2001, pet. denied) (not designated for publication).  As noted above, Rule 657 expressly provides
that a judgment is final for purposes of a garnishment action when the judge
signs the it, unless it is properly superseded by the judgment debtor.  Tex.
R. Civ. P. 657.  

Elliott also relies on this Court’s opinion in Thomas N. Heap, D.D.S., Inc. v. Val-Pak of
Greater Houston, No. 01-00-00756-CV, 2001 WL 699944 (Tex. App.—Houston [1st
Dist.] June 21, 2001, pet. denied) (not designated for publication).  Elliott’s reliance on Heap is misplaced.  In Heap, we cited Taylor for a different proposition and held that the final judgment
in the garnishment action was proper.  Id. at *2–3. Contrary to Elliott’s
assertion, we specifically noted in Heap that
where, as here, a judgment debtor has not posted supersedeas bond to prevent
enforcement of the underlying judgment during the pendency of appeal, “a judgment
creditor may pursue post-judgment enforcement by filing for a writ of
garnishment once the trial court signs
its judgment.”  Id. at *2 (emphasis
added).  Elliott admits that he has not
filed a supersedeas bond in the underlying action.  

We therefore conclude that the county court at law did not
err in entering final judgment in this garnishment proceeding on the grounds
that the underlying judgment was not final. 
See Rosenthal, 2001 WL 1383132, at *7–8 (rejecting argument that
final judgment in garnishment action was erroneous because appeal was pending,
where no supersedeas bond was filed); Fincher v. Mischer Enters., Inc.,
No. 01-92-01049-CV, 1993 WL 143147, at *1–2 (Tex. App.—Houston [1st Dist.] May
6, 1993, writ dism’d w.o.j.) (not designated for publication) (rejecting
argument that prior judgment was not final for purposes of garnishment merely
because all appellate time tables had not yet expired); see also Amegy Bank, 2009 WL 943758, at *4 n.7 (noting that, absent
proper supersedeas bond, underlying judgment was final for purposes of
garnishment proceedings when trial court signed it); Wrigley v. First Nat’l
Sec. Corp., 104 S.W.3d 252, 257 (Tex. App.—Beaumont 2003, no pet.) (noting
that a judgment debtor may enforce a domestic judgment while appeal is pending
if not supersedeas bond has been filed). 

Conclusion

          We affirm the judgment of the county
court at law.

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.











[1]
          Elliott first appealed from the
trial court’s denial of his motion to dissolve the writ of garnishment prior to
the entry of a final judgment, and that appeal was assigned Cause No.
01–09–00747–CV.  After entry of final
judgment, Elliott filed a timely appeal from the judgment, which appeal was
assigned Cause No. 01–09–01084–CV. 
Because the trial court has now entered final judgment in the case, we treat
Elliott’s appeal from the denial of his motion to dissolve the writ of
garnishment as a prematurely filed appeal under Rule 27.1 of the Texas Rules of
Appellate Procedure.  See Tex.
R. App. P. 27.1(a).  We have
therefore separately ordered that Cause No. 01–09–01084–CV be consolidated into
Cause No. 01–09–00747–CV.