**In re Richard H. ALSENZ, Relator.**

**Nos. 01–04–00670–CV, 01–04–00672–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 21, 2004.

Julia Leigh Kurtz, Thomas C. Wright, Wright Brown & Close, LLP, Thomas R. Conner, Conner & Lindamood, P.C., Houston, TX, for Relator.

Lisa Millard, Houston, TX, for Respondent.

Sallee S. Smyth, Short & Jenkins, L.L.P., Richard Lee Daniels, Houston, TX, for Real Party Interest.

**619**

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

JANE BLAND, Justice.

Relator Richard H. Alsenz petitions for a writ of mandamus, asking this court to set aside the trial court's May 26, 2004 turnover order in the underlying cause, *In the Matter of the Marriage of Richard Herman Alsenz and Marjorie Sue Alsenz*, No.2000–28446 (310th Dist. Ct., Harris County, Tex.). We conclude that the trial court improperly ordered the turnover of funds from a supersedeas bond that our court had ordered released. We therefore conditionally grant the petition for a writ of mandamus.

## Background

In January 2001, the trial court signed a final divorce decree between the relator, Richard H. Alsenz (Richard), and the real party in interest, Marjorie Sue Alsenz (Sue). The divorce decree awarded Sue trial and appellate attorney's fees. In February 2003, this court reversed the trial court's judgment and remanded the cause for "consideration of the fraud claim and a re-division of the marital estate," in accordance with our opinion.[1] *Alsenz v. Alsenz*, 101 S.W.3d 648, 657 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). Our judgment ordered that the "cash deposit of $97,351 made in lieu of a supersedeas bond by appellant, Richard H. Alsenz,

be released from the registry of the trial court."

In March 2004, Sue filed a "Motion to Release Supersedeas Bond," asking the trial court to condition the release of Richard's supersedeas bond, upon the turnover of $45,784.17 of the funds to Sue's attorneys to satisfy her attorney's fees.[2] Richard opposed the motion. On May 13, 2004, the trial judge held a hearing. On May 18, 2004, the trial judge wrote the following as a docket entry:

The Ct orders the cash deposit of $97,351.00 made in lieu of a supersedeas bond ordered released from the registry of the trial court—the Ct hereby orders Mr. Alsenz to turnover from the proceeds of $97,351.00 to Richard Lee Daniels & Teresa Taylor in the amt of $25,000.00 plus post jdgmt int in the amt of $3,325.92 to satisfy the award of atty fees jdgmt / the Ct hereby orders Mr. Alsenz to turnover from the proceeds of $97,351.00 to Sallee Smythe [sic] in the amt of $17,458.25 for atty fees to satisfy the award of atty fees on appeal. Mr. Alsenz is ordered to turnover said sums upon receipt of the deposit of $97,351.00 made in lieu of a supersedeas bond.

On May 21, 2004, Sue filed an application for turnover relief, pursuant to the Texas Civil Practices and Remedies Code section 31.002, and a first supplemental application for turnover relief on May 24. Sue's appellate counsel explained that she used the "turnover" language "in light of" the trial court's docket entry and "in an

1. This court affirmed the trial court's ruling that income from Richard's patents is community property. We reversed portions of the trial court's decree reimbursing the community estate for expenditures made on a car and for day-trading losses. In light of these rulings, we remanded the cause for a re-division of the marital estate. *Alsenz v. Alsenz*, 101 S.W.3d 648, 657 (Tex. App.-Houston [1st Dist.] 2003, pet. denied).

2. Sue's motion requested the trial court to authorize "the release of the portion of the supersedeas bond that will satisfy the award of the court's judgment for trial attorney's fees and appellate fees" plus "post judgment interest at 10% per annum." Richard Lee Daniels and Teresa Taylor are Sue's trial attorneys and Sallee S. Smyth is her appellate attorney. On September 11, 2003, Ms. Smyth moved to withdraw as counsel of record.

abundance of caution." On May 26, 2004, an associate judge conducted another hearing on the application for turnover relief. The associate judge properly recognized that this court had reversed and remanded the cause for a new property division:

Didn't the mandate set aside the property division and order a new property division in the underlying suit? . . .

The amendment that I read said that the property division is set aside, period dot, and the other issues were to be considered. Wouldn't they have to set aside the entire property division for the Court to address those three things— . . .—depending on the outcome of them?

. . . One of the issues that came back in the mandate—wasn't it the tort claims? So if all of a sudden the tort claims are granted and now mom's separate property estate is 4.3 million dollars, doesn't the Court have to consider that in dividing the other assets as well? I mean, you can't just say, "Okay, this is the property division, and then this is the money judgment." You can't—You have to do it just and right as to the whole thing, don't we?

On May 26, 2004, another trial judge signed an "Order on Motion to Release Supersedeas Bond." The order requires the Harris County District Clerk to release the balance of all funds in the court's registry to Richard, and further orders Richard to "turnover" $28,325.92 to Richard Daniels (Sue's trial attorney) and $17,458.25 to Sallee Smyth (Sue's appellate attorney).

On June 21, 2004, Richard filed a petition for writ of mandamus and a motion for emergency temporary relief. On June 23, 2004, this court granted the motion for temporary relief and stayed the trial court's May 26, 2004 order.

## Standard for Mandamus Relief

In an original mandamus proceeding, we determine whether the relator has an adequate remedy by appeal, and if not, whether the trial court abused its discretion in signing the order. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992). We should not issue a writ of mandamus if an adequate remedy by appeal exists, as mandamus relief is an extraordinary remedy, available in limited circumstances. *Id.* at 840.

Without a final judgment, a turnover order is void, and mandamus relief lies to vacate the void order. *See Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex. 1973) (providing mandamus relief for a void nunc pro tunc judgment entered after original judgment had become final). *See also Ex parte Johnson,* 654 S.W.2d 415, 417 (Tex.1983) (noting that turnover order designed to secure "satisfaction of a final judgment"); *In re Bro Bro Properties, Inc.,* 50 S.W.3d 528, 531 (Tex.App.-San Antonio 2000, no pet.) (conditionally granting petition for writ of mandamus because trial court's turnover order was premature absent final judgment). Moreover, mandamus relief is appropriate if a trial court issues a turnover order jeopardizing the disposal of assets, thus endangering a relator's rights. *Plaza Court, Ltd. v. West,* 879 S.W.2d 271, 275–76 (Tex.App.-Houston [14th Dist.] 1994, orig. proceeding) (holding that seizure of corporations' assets not authorized under turnover statute absent finding that shareholders owned controlling majority of corporate stock).

Mandamus relief is also appropriate if a trial court includes a non-judgment third-party in a turnover order. *Republic Ins. Co. v. Millard,* 825 S.W.2d 780, 783–84 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding) (holding that rein-

surer, who is neither judgment creditor nor judgment debtor, is not a proper party to postjudgment turnover proceedings).[3] Here, the order states that Richard "shall turnover" funds to Sue's attorneys, who are third parties not included in the original judgment vacated by this court. If he complies with the trial court's order, then Richard has no adequate remedy by appeal. *See Plaza Court*, 879 S.W.2d at 276. We therefore hold that mandamus is an appropriate vehicle for challenging the trial court's order.

### The Turnover Order

■ In her response to the petition, Sue does not contest that the trial court's order is invalid as a turnover order. She instead contends that the trial court's order is not a "turnover order" under section 31.002 of the Texas Civil Practice and Remedies Code, because it is entitled "Order on Motion to Release Supersedeas Bond," and the trial court deleted references to "Judgment Debtor" and "Judgment Creditor" in the form of the order. *See* Tex. Civ. Prac. & Rem.Code Ann. § 31.002 (Vernon Supp. 2004). Sue urges that we construe the order instead as a "temporary order" under section 6.502 of the Family Code. Section 6.502 states:

(a) While a suit for dissolution of a marriage is pending and on the motion of a party or on the court's own motion after *notice and hearing*, the court may render an appropriate order, including the granting of a temporary injunction for the preservation of the property and protection of the parties as deemed necessary and equitable and including an

order directed to one or both parties: . . .

(4) ordering payment of reasonable attorney's fees and expenses.

Tex. Fam.Code Ann. § 6.502(a)(4) (Vernon Supp.2004–2005) (emphasis added).

Section 6.502, however, specifically requires notice and a hearing. Tex. Fam. Code Ann. § 6.502(a). Sue cannot convert a turnover order into a temporary order without notice and a hearing under the Family Code. *See Post v. Garza*, 867 S.W.2d 88, 90 (Tex.App.-Corpus Christi 1993, no writ) (holding that statute requiring notice and a hearing before divorce court may award interim attorney fees necessarily implies that opposing spouse may participate in hearing by cross-examining witnesses and presenting own evidence). Here, neither Sue nor the trial court provided notice or a hearing regarding a temporary order under section 6.502.

■ Moreover, although the trial court deleted the terms "Judgment Debtor" and "Judgment Creditor," we look to the entire substance of the order in construing it. *See Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex.1999). The order expressly conditions the release of Richard's supersedeas bond upon the requirement that Richard "turnover" these funds directly to Sue's attorneys. The trial court also struck through handwritten language on the order stating that it is a "temporary order on the court's own motion." In reversing the final judgment in this case, our court ordered the release of the supersedeas bond without condition. The trial court thus lacked the authority (1) to condition

---

**3.** Texas courts will not apply the turnover statute to non-judgment debtors. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex.1991). In *Beaumont Bank*, the Texas Supreme Court recognized that the turnover statute could reach Mrs. Buller's assets in her capacity as representative of her deceased

husband's estate, because the bank's judgment applied only to assets owned by her deceased husband's estate. The court held that the turnover order in that case improperly imposed liability on Mrs. Buller individually. *Id.*

the release of the supersedeas bond in the absence of a final judgment from which execution lies and (2) to order the relator to pay the funds to third parties who could assert no claim based on the judgment—a judgment that, in any event, our court had set aside.

 Finally, Sue contends that Richard did not challenge the attorney's fees award in the divorce decree, nor did this court address those fees in our opinion on the merits. Sue concedes, however, that this court's opinion reversed the judgment, and remanded the cause for "consideration of the fraud claim and a re-division of the marital estate." *See Alsenz,* 101 S.W.3d at 657. In such a case, upon remand, a trial court must re-divide the entire marital estate, including the attorney's fees at issue here. *See Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex.1985) (remanding to trial court for new division of community estate when court of appeals found portion of division lacked evidentiary support); *Wilson v. Wilson,* 132 S.W.3d 533, 536 (Tex. App.-Houston [1st Dist.] 2004, pet. denied) ("If a court of appeals finds reversible error that materially affects the trial court's 'just and right' division of property, then it must remand the entire community estate for a new division of the property"). *See also Lifshutz v. Lifshutz,* 61 S.W.3d 511, 519 (Tex.App.-San Antonio 2001, pet. denied) (holding that "the property division must be remanded, including the award of attorney's fees").

We hold that the trial court abused its discretion in ordering the turnover of the supersedeas funds, as no final judgment supports the order. We further hold that the trial court should not have conditioned the release of the supersedeas bond, as our court had ordered that it be released, nor should it have directed payment of the proceeds from the bond to persons who were not parties to the vacated judgment. We therefore conditionally grant the petition for a writ of mandamus and direct the trial court to vacate the May 26, 2004 "Order on Motion to Release Supersedeas Bond." We will issue this writ only if the trial court does not comply.

### The Proper Respondent

Judge Millard is the elected judge of the 310th District Court, and conducted the first hearing in this matter. Associate Judge Daniel Lemkuil conducted the second hearing. In Judge Millard's absence, another elected Harris County state district judge, Judge Galik, signed the May 26, 2004 order. To insure that he requested mandamus relief against the proper judge, Richard named both Judge Millard and Judge Galik as respondents.[4]

In *Remington Arms Co., Inc. v. Caldwell,* the Texas Supreme Court held that the proper respondent in a mandamus action is the judge whose actions form the basis of the relator's complaint. 850 S.W.2d 167, 168 n. 1 (Tex.1993). In *Remington Arms,* the Texas Supreme Court explained that Judge Neil Caldwell, as the presiding judge of the 23rd Judicial District, had conducted some pretrial matters, but that Judge Ben Martinez "was assigned to preside over the trial." *Id.* As the relator complained of Judge Martinez's actions, the court held that Judge Martinez was the proper respondent in the mandamus action. *Id.*[5]

4. The Texas Government Code allows State district judges to "hear and determine a matter pending in any district or statutory county court in the county." TEX. GOV'T CODE ANN. § 74.094(a) (Vernon Supp.2004–2005).

5. *See also Rios v. Calhoon,* 889 S.W.2d 257, 258 n. 1 (Tex.1994) (adding appropriate trial judge as additional respondent on court's own motion).

The Dallas Court of Appeals addressed a similar issue in *Hoggard v. Snodgrass,* 770 S.W.2d 577, 588 (Tex.App.-Dallas 1989, orig. proceeding). In *Hoggard,* the court of appeals issued a writ of mandamus directed to the elected judge of the district court, even though a visiting judge had signed the order at issue, noting that "[b]ecause the visiting judge 'sits for' the permanent judge, the rulings of the visiting judge are, in effect, the rulings of the permanent judge." *Id.* Without citation to authority, the court of appeals in *Hoggard* concluded that "[t]he visiting judges acted only at the request and pleasure of the permanent judge"; therefore, "the permanent judge . . . is ultimately responsible for any order that issues from the . . . District Court." *Id.* The court in *Hoggard* did not address the Texas Supreme Court's holding in *Remington Arms.*

This court cited *Hoggard* in *In re Balawajder,* but held that the proper mandamus was the one brought against the visiting judge, because his actions formed the basis of the relator's complaint. Nos. 01–03–00002/00538/00541/00536/00539/00542/00537/00540–CV, 2003 WL 21470397, at *1 (Tex.App.-Houston [1st Dist.] June 19, 2003, orig. proceeding) (memo op.) (keeping proceeding against visiting judge and dismissing proceeding against elected judge as moot). The El Paso and San Antonio Courts of Appeals have followed the *Hoggard* decision. *See, e.g., Dal–Briar Corp. v. Baskette,* 833 S.W.2d 612, 614 n. 1 (Tex.App.-El Paso 1992, orig. proceeding); *Humana Hosp. Corp. v. Casseb,* 809 S.W.2d 543, 548 (Tex.App.-San Antonio 1991, orig. proceeding).

▮▮▮▮ We follow *Remington Arms* in this case. Here, the relator bases his complaint on an order Judge Galik signed. Judge Galik thus is the proper respondent for the purposes of an original proceeding.

*See Remington Arms,* 850 S.W.2d at 168 n. 1. As *Hoggard* correctly observes, if the judge against whom mandamus lies is no longer hearing the matter, then it is the sitting elected judge's responsibility to follow the orders of the appellate court, including an order to vacate the turnover order at issue in this original proceeding. *See Hoggard,* 770 S.W.2d at 588–89. Mandamus should not lie, however, against a trial judge that has not had an opportunity either to follow the appellate court's order or to grant the relief requested by the petition. *See State v. Olsen,* 163 Tex. 449, 360 S.W.2d 402, 403 (1962) (holding that writ of mandamus will not lie against successor judge absent refusal by successor judge to grant relief relator seeks). Here, given that state district judges within a county may exchange benches with each other, it is unclear whether Judge Galik continues to sit on this matter; thus, we conditionally grant the petition for writ with the understanding that should Judge Galik no longer hear this matter, Judge Millard will vacate the turnover order. We dismiss the petition for a writ of mandamus as to Judge Millard in cause number 04–00670–CV.

**Conclusion**

We hold that the trial court abused its discretion in ordering the turnover of the supersedeas funds because our court had ordered the release of the bond, and no final judgment supports the turnover of funds. We further hold that the trial court should not have conditioned the release of the supersedeas bond, nor directed payment of proceeds of the bond to persons who were not parties to the vacated judgment. We therefore conditionally grant the petition for a writ of mandamus and direct the respondent in cause number 04–00672–CV to vacate the May 26, 2004 "Order on Motion to Release Supersedeas

Bond." We dismiss the petition in cause number 04–00670–CV. We will issue this writ only if the trial court does not comply with the opinion of this court.