COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-342-CV

 

 

IN RE                                                                                    RELATOR

 

 

 

JOE
DAVID WATSON

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                            Introduction

This mandamus arises from the
divorce of Joe Watson and Merrie Watson. 
Joe complains that the trial court improperly ordered the district clerk
to turn over his cash bond from an earlier habeas corpus proceeding to his
ex-wife.  A time line is the easiest way
to understand Joe=s complaint:








November 12, 2003     Trial court signed a final decree of
divorce and ordered Joe to pay $31,000 in attorney=s
fees to Merrie.

 

April 26, 2005            Trial court held Joe in contempt for
failing to pay the attorney=s fees and sent him to jail.

 

May 9, 2005              Joe filed a petition for writ of
habeas corpus in this court.

 

May 11, 2005             We ordered Joe released on $5,000
bond pending resolution of his habeas petition.

 

May 19, 2005             Joe=s
brother posted a $5,000 cash bond for Joe.

 

July 7, 2005               We granted the writ of habeas
corpus, discharged Joe, and ordered his bond released.

 

July 12, 2005             Merrie filed an application for a
turnover order in the trial court asking that Joe=s
bond be released to her.

 

August 31, 2005 The trial court ordered the district clerk to
release Joe=s
bond money to Merrie.

 

September 27, 2005    Joe filed this mandamus proceeding seeking
to compel the trial court to vacate the turnover order.

 

                                             Discussion








Mandamus will issue only to
correct a clear abuse of discretion or the violation of a duty imposed by law
when there is no other adequate remedy at law. 
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  Mandamus relief is usually
not available if the order complained of is appealable because an appeal is
almost always an adequate remedy at law. 
Republican Party of Texas v. Dietz, 940 S.W.2d 86, 88 (Tex. 1997)
(orig. proceeding).  But when a trial
court=s order is void for lack of jurisdiction, the trial court has abused
its discretion, and the relator need not show that it does not have an adequate
remedy by appeal.  In re Sw. Bell Co.,
35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

A turnover order is a final,
appealable order.  Burns v. Miller,
Hiersche, Martens & Hayward, P.C., 909 S.W.2d 505, 506 (Tex.
1995).  Mandamus relief is nonetheless
appropriate in some circumstances, but those circumstances are not presented by
this case.  See, e.g., In
re Hamel, No. 04‑05‑00359‑CV, 2005 WL 2216584, at *2
(Tex. App.CSan Antonio
September 14, 2005, orig. proceeding) (holding mandamus appropriate when
turnover order was based on judgment previously declared void by appellate
court); In re Alsenz, 152 S.W.3d 617, 621 (Tex. App.CHouston [14th Dist.] 2004, orig. proceeding) (holding mandamus
appropriate when trial court ordered supersedeas bond turned over to nonparties
and relator=s compliance
with order would have extinguished his right to appeal); Plaza Court, Ltd.
v. West, 879 S.W.2d 271, 275 (Tex. App.CHouston [14 Dist.] 1994, orig. proceeding) (holding mandamus
appropriate remedy when turnover order directed nonparty corporation to turn
over assets to receiver in satisfaction of judgment against corporation=s shareholder).








Joe argues that he is
entitled to a writ of mandamus because (1) the trial court lacked jurisdiction
to make the turnover order because this court had exclusive jurisdiction over
the bond money, (2) mandamus is appropriate to enforce our own order releasing
the bond, and (3) return of the bond money was a ministerial act and the money
could not be applied to satisfy the judgment.

We conclude that the trial
court did have jurisdiction to issue the turnover order.  A trial court has the inherent power (and thus
jurisdiction) to Acause its
judgments and decrees to be carried into execution.@  Tex. R. Civ. P. 308; Bridas Corp. v. Unocal Corp., 16
S.W.3d 887, 889 (Tex. App.CHouston [14th Dist.] 2000, pet. dism=d w.o.j.).  Moreover, the
turnover statute provides that a judgment creditor may apply for a turnover
order in the same proceeding in which the judgment is rendered or in an
independent proceeding, thus effectively extending the trial court=s jurisdiction to issue a turnover order even to a new proceeding
brought for that purpose.  Tex. Civ. Prac. & Rem. Code Ann. ' 31.002(d) (Vernon 2003).








To the extent that Joe argues
that the trial court lacked jurisdiction to order the clerk to pay the bond
money to Merrie because it is inconsistent with this court=s order releasing his bond, we disagree for two reasons.  First, our order and judgment of July 7 says
only that Joe=s Abond is released@; it does
not order the clerk to pay the bond money directly to Joe.  Second, the trial court would have
jurisdiction to issue a turnover order directing Joe to hand over the
bond money to Merrie as soon as he received it from the clerk; ordering the clerk
to turn the money directly over to Merrie is an appropriate shortcut.  When a third party holds property subject to
a debtor=s possession or control, the trial court may issue and enforce a
turnover order against the third party.  Dale
v. Fin. Am. Corp., 929 S.W.2d 495, 498 (Tex. App.CFort Worth 1996, writ denied).

                                             Conclusion

We conclude that Joe is not
entitled to mandamus relief because he has an adequate remedy by normal appeal
from the turnover order.  We deny his
petition for writ of mandamus.

PER CURIAM

 

PANEL B:   GARDNER, HOLMAN, and MCCOY, JJ.

 

DELIVERED:  October 27, 2005











[1]See Tex. R. App. P. 47.4.