Opinion issued February 29, 2008












In The

Court of Appeals

For the

First District of Texas

____________


NOS. 01-06-00165-CV

 01-06-00166-CV

____________


IN RE ALLIANZ GLOBAL RISK US, ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA, ALLSTATE INSURANCE
COMPANY, CHUBB INDEMNITY INSURANCE COMPANY,
CONTINENTAL CASUALTY COMPANY, FIREMAN'S FUND
INSURANCE COMPANY, HARTFORD STEAM BOILER INSPECTION
AND INSURANCE COMPANY, HARTFORD STEAM BOILER
INSPECTION AND INSURANCE COMPANY OF CONNECTICUT,
LIBERTY MUTUAL INSURANCE COMPANY, MARYLAND CASUALTY
COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
UNITED STATES FIDELITY AND GUARANTY COMPANY, THE
FIDELITY AND CASUALTY CO. OF NEW YORK, AND ZURICH
AMERICAN INSURANCE COMPANY, Relators


and


IN RE MARSH USA INC. (DELAWARE) AND MARSH USA INC.
(TEXAS), Relators






Original Proceedings on Petitions for Writs of Mandamus






MEMORANDUM OPINION

 The relators complain of a November 30, 2005, order signed by the Honorable
Jack Hunter, former presiding judge of the 94th District Court of Nueces County. (1) 
Judge Hunter denied the relators' motions to dismiss the underlying consolidated case
with prejudice and for special exceptions. Relators have not asked the successor
judge, the Honorable Bobby Galvan, to reconsider Judge Hunter's order as is
normally required by Texas Rule of Appellate Procedure 7.2(b). Instead, relators
suggest the proper respondent is the Honorable Mark Davidson, judge of the 11th
District Court of Harris County, because Judge Davidson has been assigned as the
presiding judge of the pretrial court in which the case is now pending based on
asbestos-related injury claims. (2) See Tex. R. Jud. Admin. 13.6(a).

 Because mandamus does not lie against a trial judge who did not personally
sign the order, we will not grant mandamus relief directed at a trial judge based on an
order signed by another judge. See In re Alsenz, 152 S.W.3d 617, 623 (Tex.
App.--Houston [1st Dist.] 2004, orig. proceeding). After we requested that the
parties address the issue raised in Alsenz, relators asked Judge Davidson to reconsider
Judge Hunter's order. On November 5, 2007, Judge Davidson took the position that
he is prohibited by statute from ruling on the merits of relators' requested relief. See
Tex. Civ. Prac. & Rem. Code Ann. § 90.010 (Vernon Supp. 2007). Relators have
not amended their petitions to request mandamus relief specific to Judge Davidson's
November 12, 2007 order denying them leave to file motions to set aside Judge
Hunter's order denying their pleas to the jurisdiction and special exceptions. Instead,
relators continue to request mandamus relief directing Judge Davidson to grant their
motions to dismiss with prejudice the underlying consolidated case . Judge Davidson
has never reached the merits of those motions.


 We deny the petitions for writs of mandamus.


PER CURIAM

Panel consists of Justices Taft, Nuchia, and Higley.
1. Atkinson v. Union Carbide Corp., No. 05-04515-C (94th Dist. Ct., Nueces
County, Tex. Nov. 20, 2005). The relators in case number 01-06-00165-CV
are Allianz Global Risk US, Allianz Life Insurance Company of North
America, Allstate Insurance Company, Chubb Indemnity Insurance Company,
Continental Casualty Company, Fireman's Fund Insurance Company, Hartford
Steam Boiler Inspection and Insurance Company, Hartford Steam Boiler
Inspection and Insurance Company of Connecticut, Liberty Mutual Insurance
Company, Maryland Casualty Company, St. Paul Fire and Marine Insurance
Company, United States Fidelity and Guaranty Company, The Fidelity and
Casualty Co. of New York, and Zurich American Insurance Company. The
relators in case number 01-06-00166-CV are Marsh USA Inc. (Delaware) and
Marsh USA Inc. (Texas). The real parties in interest in both cases are Filiberto
Atkinson, J.C. Diggs, Jimmie Fleeman, Thomas King, and Emilio Mireles.
2. Atkinson v. Union Carbide Corp., No. 2004-03964 (11th Dist. Ct., Harris
County, Tex.).