**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 29, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01070-CV

### IN RE VAN WILLIAM DITTMER, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2003-03735**

## MEMORANDUM OPINION

On November 27, 2012, relator Van William Dittmer filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Sheri Y. Dean, presiding judge of the 309th District Court of Harris County, to vacate a turnover order signed November 13, 2012.

Dean Blumrosen, the real party in interest, represented relator's wife in their divorce. On April 4, 2003, the court awarded Blumrosen $10,000 in attorney's fees. On

September 30, 2003, Blumrosen filed a plea in intervention to enforce the judgment for attorney's fees. On February 5, 2004, the trial court signed a judgment in favor of Blumrosen for $10,000 plus post-judgment interest.

On January 26, 2012, Blumrosen sent a letter to relator demanding $21,435.89 plus $210 in court costs in satisfaction of the February 2004 judgment. Blumrosen stated that if payment were not made within 10 days, he would commence post-judgment discovery. On February 16, 2012, Blumrosen served written discovery on relator. Blumrosen subsequently filed a motion to compel because relator did not respond to discovery. A hearing on the motion to compel was set for November 13, 2012. On November 6, 2012, relator filed an original petition for bill of review alleging Blumrosen does not have standing to seek enforcement of the 2004 order, and relator was not properly served with the plea. Relator claims the underlying judgment is void because of the lack of standing. Also on November 6, 2012, relator filed a motion for protective order in which he alleged that he filed a bill of review seeking to set aside the 2004 judgment for attorney's fees and protection from post-judgment discovery.

On November 13, 2012, the trial court signed an order requiring relator to, on or before 3:00 on November 29, 2012, deliver a cashier's check, payable to Blumrosen in the amount of $23,253.58. Relator complains of this order in his petition for writ of mandamus and requests emergency relief in the form of a stay of the court's order.

Mandamus relief is appropriate only if a trial court abuses its discretion and no adequate appellate remedy exists. *In re CSX Corp*., 124 S.W.3d 149, 151 (Tex. 2003).

A turnover order is a final, appealable order and mandamus relief is ordinarily not available. *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995). Mandamus relief is appropriate in some circumstances, but those circumstances are not presented by this case. *See, e.g., In re Hamel*, No. 04-05-00359-

2

CV, 2005 WL 2216584, at *2 (Tex. App.—San Antonio September 14, 2005, orig. proceeding) (holding mandamus appropriate when turnover order was based on judgment previously declared void by appellate court); *In re Alsenz*, 152 S.W.3d 617, 621 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding) (holding mandamus appropriate when trial court ordered supersedeas bond turned over to nonparties and relator's compliance with order would have extinguished his right to appeal); *Plaza Court, Ltd. v. West*, 879 S.W.2d 271, 275 (Tex. App.—Houston [14 Dist.] 1994, orig. proceeding) (holding mandamus appropriate remedy when turnover order directed nonparty corporation to turn over assets to receiver in satisfaction of judgment against corporation's shareholder).

In his petition, relator alleges the trial court abused its discretion by ordering the payment of the judgment without notice and hearing as required by Texas Civil Practice and Remedies Code section 31.002. Although relator claims the underlying judgment is void, it has not been previously been declared void, and relator's right to appeal will not be forfeited if he pays the funds. Relator filed a notice of appeal from the same order on the same day he filed his petition for writ of mandamus.

Relator has an adequate remedy by appeal and has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus and also deny relator's related emergency motion to stay the trial court's order.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and Jamison.