# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00213-CV

### In re Raggio-2204 Jesse Owens, LLC

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Raggio-2204 Jesse Owens, LLC, has filed a petition for writ of mandamus seeking relief from a trial-court order that directs a court-appointed turnover receiver to distribute certain proceeds to real party in interest and judgment creditor Wayne Morgan. Because the turnover order is not supported by a final judgment, we will conditionally grant relief.

## BACKGROUND

The dispute underlying this original proceeding arises from Morgan's efforts to collect on a judgment that awarded Morgan $37,599.80 in sanctions against Stacey Hammer, a member and manager of Raggio-2204 Jesse Owens.[1] The judgment was signed by the trial court on January 12, 2016, and then appealed by Hammer to this Court. *See generally Hammer v. University*

---

[1] Stacey Hammer had sued several parties, including University Federal Credit Union and El Campo Real Estate, L.P., "whose general partner is Wayne Morgan a/k/a The Morgan Children Incorporated and Preferred Properties" for various claims arising from a foreclosure on real property. *See Hammer v. University Fed. Credit Union*, Nos. 03-16-00262-CV, 03-16-00264-CV, 2017 WL 1228871 (Tex. App.—Austin Mar. 30, 2017, no pet.) (mem. op.) (summarizing procedural history).

*Fed. Credit Union*, Nos. 03-16-00262-CV, 03-16-00264-CV, 2017 WL 1228871 (Tex. App.—Austin Mar. 30, 2017, no pet.) (mem. op.).

While Hammer's appeal was pending, Morgan filed in the trial court an ex parte motion to appoint a turnover receiver to collect on the January 12 sanctions judgment. On June 13, 2016, the trial court appointed a receiver to "take all necessary steps to ensure that the proceeds of the sale of [certain real property in] Austin, Texas, that would otherwise be payable to Stacey Hammer be applied toward payment of the [January 12] judgment." Upon approval by the trial court, the real property was sold, and the proceeds were deposited into the registry of the court. On October 13, 2016, the trial court ordered the release of the proceeds from the court's registry and directed the receiver to distribute the funds to various parties, including Morgan.[2] The proceeds currently remain undistributed.[3]

On March 30, 2017, this Court issued an opinion dismissing for want of jurisdiction Hammer's appeal of the January 12, 2016 judgment awarding sanctions to Morgan. *See Hammer*, 2017 WL 1228871, at *4. In our jurisdictional analysis, we determined that (1) a summary-judgment order signed by the trial court on August 18, 2015, dismissing Hammer's claims against other defendants in the case, operated as a final judgment in the case, and (2) because the January 12 sanctions judgment was not signed until after the court's plenary jurisdiction had expired, it failed

---

[2] The very next day, Hammer filed for bankruptcy in Colorado, thereby staying all proceedings in this matter, including her appeal in this Court, until January 2017. *See Hammer v. University Fed. Credit Union*, Nos. 03-16-00262-CV, 03-16-264-CV, 2016 WL 6407307 (Tex. App.—Austin Oct. 28, 2016, no pet.) (mem. op.) (stay of appeal).

[3] On April 17, 2018, we issued an order staying any distribution of the proceeds. *See* Tex. R. App. P. 52.10(b).

to restart Hammer's appellate deadlines and was void. *Id.* at *4 & n.4. Because Hammer had failed to timely file a notice of appeal, as calculated from August 18, 2015, the date the summary-judgment order was signed, we lacked jurisdiction to consider her appeal. *Id.* at *4. Morgan filed a motion for rehearing, which we denied.

In this proceeding, Raggio-2204 Jesse Owens asserts that the trial court's October 13, 2016 order should be vacated. Raggio-2204 Jesse Owens argues that the order improperly requires the receiver to distribute proceeds from the sale of real property because it, not Hammer, owned the property at the time of the sale.[4]

## ANALYSIS

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court has no discretion in determining what the law is or in applying the law to the facts of the case. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* Mandamus relief is usually not available if the order complained of is appealable because an appeal is almost always an adequate remedy. *In re Alsenz*, 152 S.W.3d 617, 620 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (citing *Walker*, 827 S.W.2d at 840). However, when a trial court's order is void, mandamus relief is appropriate, and the relator is not required to show that it does not have an adequate remedy by appeal. *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) ("Mandamus is proper if a trial court issues an order beyond its

---

[4] According to Raggio-2204 Jesse Owens, it is a limited liability company formed in 2009 for the sole purpose of owning the real property at issue in this proceeding.

3

jurisdiction."); *In re Velte*, 140 S.W.3d 709, 712 (Tex. App.—Austin 2004, orig. proceeding) (vacating as void trial court's grant of sanctions after expiration of plenary jurisdiction).

A turnover order is a statutory procedural device that permits a trial court to order a judgment debtor to turn over nonexempt property that is in the judgment debtor's possession or control. *See* Tex. Civ. Prac. & Rem. Code § 31.002. A turnover order is a final, appealable order, *see Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam), and therefore, mandamus relief from a turnover order is usually not available, *In re Hamel*, 180 S.W.3d 226, 231 (Tex. App.—San Antonio 2005, orig. proceeding). However, "[w]ithout a final judgment, a turnover order is void, and mandamus relief lies to vacate the void order." *In re Alsenz*, 152 S.W.3d at 620; *see In re deShetler*, No. 09-17-00031-CV, 2017 WL 1173811, at *13 (Tex. App.—Beaumont Mar. 30, 2017, orig. proceeding) (granting mandamus relief to vacate void turnover order); *In re Hamel*, 180 S.W.3d at 231 (same).

As previously discussed, when we dismissed Hammer's appeal of the January 12 sanctions judgment, we determined that the judgment had not been signed until after the trial court's plenary jurisdiction had expired.[5] *See Hammer*, 2017 WL 1228871, at *4 n.4. Because the judgment on which the turnover order is based, the January 12 sanctions judgment, is void and therefore not

---

[5] Morgan subsequently filed, and the trial court granted, a motion for judgment nunc pro tunc that deleted certain finality language from the August 18 summary-judgment order and declared the January 12 sanctions judgment to be the final judgment in the case. *See Hammer v. Morgan*, No. 03-18-00042-CV, 2018 WL ___ (Tex. App.—Austin July 12, 2018, no pet. h.) (mem. op.). Hammer appealed, and on this same day, we have issued an opinion vacating the judgment nunc pro tunc as an improper attempt to correct a purported legal error after expiration of the trial court's plenary jurisdiction. *Id.* at *__. If allowed, the judgment nunc pro tunc would have had the effect of making the August 18 summary-judgment order interlocutory and the January 12 judgment fully enforceable against Hammer. *Id.*

a final judgment, the turnover order that is the subject of this original proceeding is also void.[6] *See In re Hamel*, 180 S.W.3d at 230 (concluding that turnover order was void because it was based on judgment previously declared void by same court in direct appeal).

The trial court abused its discretion in ordering the turnover of property and in directing the distribution of proceeds from the sale of property. We therefore conditionally grant the petition for writ of mandamus and direct the trial court to vacate: (1) the January 12, 2016 judgment awarding sanctions; (2) the turnover order signed on June 10, 2016; and (3) the October 13, 2016 order to distribute proceeds. We will issue the writ only if the trial court fails to comply.[7]

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Filed: July 12, 2018

_____

[6] Because we conclude that the turnover order is not supported by a final judgment and thus is void, we need not decide whether the turnover order improperly seeks to enforce a judgment against a nonparty. *See In re Alsenz*, 152 S.W.3d 617, 620-21 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) ("[M]andamus relief is also appropriate if a trial court includes a non-judgment third-party in a turnover order.").

[7] The turnover receiver appointed by the trial court, J. Patrick Sutton, has filed a response to Raggio-2204 Jesse Owens's petition, arguing that he is entitled to reasonable compensation for his services even if the turnover order is void. Sutton requests that we "not disturb the trial court's order of October 13, 2016, to the extent the order awards compensation to the Receiver." We decline to address the issue of Sutton's compensation; any determination regarding the receiver's compensation should be made by the trial court. *See Rusk v. Runge*, No. 14-02-00481, 2003 WL 22672182, at *2 (Tex. App.—Houston [14th Dist.] Nov. 13, 2003, pet. denied) (mem. op.) ("When an appellate court vacates a receivership, our courts have held that the trial court is still empowered to conduct the necessary proceedings to conclude the receivership, including setting the receiver's fees and ordering them paid." (citations omitted)).