**Opinion issued March 6, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-21-00465-CV**

_____

**BIZKEEPING CORP., IPDA CLOSED CORP., AND FADWA F. AL ALI,**
**Appellants**

**V.**

**LEVI BENTON, COURT-APPOINTED RECEIVER, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-76630**

---

# O P I N I O N

This appeal arises from a turnover proceeding in which judgment creditors sought judicial assistance in collecting on an unpaid default judgment.

The trial court appointed a receiver, who moved for authorization to sell office furniture and equipment allegedly belonging to one of the judgment debtors. Without

formally intervening, three non-parties filed a response in opposition to the receiver's motion to sell this property on the grounds that they, rather than a judgment debtor, own the furniture and equipment and that this ownership dispute could not be decided in the turnover proceeding. After a hearing, the trial court granted the receiver's motion, finding that the receiver had made a prima-facie showing that one of the judgment debtors owned the disputed property. The non-parties moved for reconsideration, which the trial court denied. They now appeal.

On appeal, these three non-parties—Bizkeeping Corp., IPDA Closed Corp., and Fadwa F. Al Ali—contend the trial court erred in deciding the issue of ownership as to the disputed items. They posit that, under settled Texas law, a turnover proceeding is merely procedural in nature and cannot be used to adjudicate the property rights of persons who are not parties to underlying judgment. Their rights, these non-parties maintain, must be adjudicated in a separate legal proceeding that affords them the full due process to which defendants in a civil suit are entitled.

The court-appointed receiver has not appeared on appeal. Instead, the judgment creditors have appeared. They contend we should dismiss this appeal for lack of jurisdiction because the non-party appellants cannot appeal from a judgment to which they are not parties and because the appellants did not timely file a notice of appeal anyway.

2

To the extent this court lacks jurisdiction over their appeal, the non-party appellants request that we construe their appeal as a petition for a writ of mandamus. The appellants maintain that doing so will dispose of any jurisdictional defects.

The judgment-creditor appellees, in turn, argue that mandamus relief is inappropriate for several reasons, including lack of standing, waiver by intervention, and the existence of an adequate remedy at law.

Consistent with our precedent, we construe the non-party appellants' appeal as a mandamus petition, which disposes of the appellees' jurisdictional arguments.

Further, we reject the judgment-creditor appellees' arguments opposing mandamus relief. We hold the non-party appellants have standing and are entitled to the writ. As non-parties, they do not have an adequate remedy at law. The trial court abused its discretion by adjudicating their rights in the turnover proceeding, which is purely procedural and—under binding precedent—cannot be used to decide ownership claims asserted by non-parties who are not bound by the underlying judgment.

We therefore conditionally grant the writ and instruct the trial court to withdraw its turnover order authorizing the receiver to sell the disputed furniture and equipment. The writ will issue only if the trial court does not comply.

# BACKGROUND

Ross Trewhella and Trejam Properties obtained a final no-answer default judgment in the amount of $3,075,000 in damages against NAFA Investment Corporation; Nafa Partnership, Ltd; NAFA Management Company; Lizard Trading Corporation; and Ataa "Tom" Shadi. In an effort to collect on the judgment, Trewhella and Trejam Properties instituted a post-judgment turnover proceeding.

In the turnover proceeding, the trial court directed the judgment debtors to turnover specified property to a court-appointed receiver, Levi J. Benton. Benton later moved for an additional order authorizing him to sell certain furniture and equipment located at a specified office address. That request underlies this appeal.

## The Office Furniture and Equipment

In seeking to sell the particular furniture and equipment, Benton argued that the lease the office (in which the furniture and equipment were located) was in the name of a business owned by one of the judgment debtors, specifically, Ataa "Tom" Shadi. In support, he attached as exhibits the lease, a lease amendment, and an assumed name certificate.

The lease was executed by the landlord and "ADPI, Corp., a Texas corporation." Shadi signed the lease on behalf of ADPI without specifying his connection to the company. Shadi later signed the lease amendment, this time on

behalf of "ADPI Corp., a Texas corporation d/b/a Bizkeeping Co.," as president. Shadi also signed a personal guarantee of the lease as an accompanying exhibit.

The assumed name certificate, which predates the default judgment by almost five years, states that Ataa Salah Shadi will be conducting business under the name of "Bizkeeping Co.," and will conduct that business as a sole proprietorship.

*Non-Party Response*

Because he was aware of a lease dispute between the landlord and certain non-parties, Benton (the receiver) provided notice to the lawyer representing these non-parties.

Without intervening in this suit, these non-parties—Bizkeeping Corp., IPDA Closed Corp., and Fadwa F. Al Ali—filed a response opposing the sale of the office furniture and equipment on the basis that they held the office lease and owned the furniture and equipment. In support, they submitted a declaration made by Ali.

In her declaration, Ali averred that she is the president and sole shareholder of IPDA Closed Corp., which was previously named or known as ADPI Corp. She further averred that she is the president and sole shareholder of Bizkeeping Corp.

According to Ali, ADPI Corp., now known as IPDA Closed Corp., and Bizkeeping Corp. both occupied the leased office space in question. She denied that Bizkeeping Corp. is one of the judgment debtors in the underlying litigation.

5

Ali did not address the nature of her relationship to Shadi in her declaration. But the record indicates that Shadi and Ali were husband and wife at the time.[1]

Ali also did not address the distinction, if any, between "Bizkeeping Co." and "Bizkeeping Corp." The record does not appear to clarify this matter elsewhere.

The crux of the non-parties' opposition to the receiver's motion to sell the furniture and equipment was that there was a genuine dispute as to ownership, and the trial court could not lawfully resolve this dispute in a turnover proceeding.

*Court Decision*

The trial court rejected the non-parties' position. The court signed a turnover order finding that Shadi and his company were the tenants on the office lease and that the furniture and equipment was owned by him or one of his companies. Though the trial court acknowledged the non-parties' competing ownership claim, the court said that it rejected their claim based on the prima-facie showing made by the receiver. Accordingly, the trial court authorized the receiver to sell the furniture and equipment and to apply the proceeds first toward the expenses associated with the sale, then toward the satisfaction of the underlying judgment, and finally toward the compensation of the receiver for his services.

The non-parties moved for reconsideration, which the trial court denied.

---

[1]  Ali reportedly died sometime after her brief was filed in this court. Her death has no effect on the appellate proceedings or our disposition. *See* TEX. R. APP. P. 7.1(a)(1).

6

The non-parties then filed this appeal. Ross Trewhella and Trejam Properties, the judgment creditors, have filed a motion to dismiss for lack of jurisdiction.

## DISCUSSION

### This Court Has Jurisdiction

In their motion to dismiss, Trewhella and Trejam Properties argue that Bizkeeping Corp., IPDA Closed Corp., and Fadwa F. Al Ali cannot appeal from the turnover order because they are not parties. They also argue that the notice of appeal was untimely, and that the non-parties lack standing. We disagree.

### *Construal as Mandamus*

Trewhella and Trejam Properties are correct that non-parties cannot ordinarily appeal from a judgment or order. *See, e.g.*, *BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 870 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (it is well-settled that non-parties generally cannot appeal from judgment). But this rule is not controlling here because the non-party appellants have asked us to construe their appeal as a mandamus petition. And a "person need not be a party to the underlying litigation in order to seek mandamus relief." *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991).

When appellants timely ask us to construe their appeal as a mandamus petition if appellate jurisdiction is lacking, we do so rather than dismissing the appeal. *See In re R.G.*, 388 S.W.3d 820, 822–23 (Tex. App.—Houston [1st Dist.] 2012, orig.

proceeding) (construing filing as petition for writ of mandamus based on filer's request to do so if court of appeals concluded appellate jurisdiction was lacking).

In fact, our court has held that a mandamus petition is the proper procedural vehicle for addressing turnover orders that affect the rights of non-parties. *See In re Alsenz*, 152 S.W.3d 617, 620–21 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (mandamus petition is correct vehicle for non-parties to challenge turnover order that includes them because non-parties have no adequate remedy by appeal). That is precisely what we face here.

Therefore, as requested, we construe the non-party appellants' appeal as a petition for a writ of mandamus. We have jurisdiction over that filing.

*Timeliness*

Because we construe the filing as a mandamus petition (and because it was timely under the appellate rules anyway), we likewise reject Trewhella's and Trejam Properties' additional argument that the non-parties did not timely file their notice of appeal.

"[T]here is no fixed deadline for filing original proceedings in the Texas Rules of Appellate Procedure." *CMH Homes v. Perez*, 340 S.W.3d 444, 453 (Tex. 2011). Instead, entitlement to mandamus relief is largely guided by equitable principles. *See id.* Diligence is required and unreasonable delay may disentitle one to mandamus

8

relief. *In re Am. Airlines*, 634 S.W.3d 38, 42–43 (Tex. 2021). Equitable concepts like unreasonable delay turn on the circumstances of a given case. *See id.*

Trewhella and Trejam Properties do not contend that the non-parties unreasonably delayed in seeking relief from the trial court's turnover order. Instead, relying on the conventional deadline for filing a direct appeal, Trewhella and Trejam Properties argue the non-parties' notice of appeal was untimely because they filed it more than 30 days after the trial court signed the order. *See* TEX. R. APP. P. 26.1 (providing notice usually must be filed within 30 days after judgment signed).

But, although the conventional deadline to file a notice of appeal is 30 days, it is expanded to 90 days within the signing of the judgment if, as here, a timely new-trial motion is filed. TEX. R. APP. P. 26.1(a)(1). The non-parties filed a timely motion for reconsideration of the challenged turnover order, which is the equivalent of a new-trial motion and had the effect of expanding the conventional appellate deadline to 90 days. *See, e.g.*, *Adams v. Ross*, No. 01-15-00315-CV, 2016 WL 4128335, at *2 (Tex. App.—Houston [1st Dist.] Aug. 2, 2016, no pet.) ("We treat a motion for reconsideration that seeks modification or reversal of a judgment as a motion for new trial.").

The non-parties filed their notice of appeal within this 90-day deadline. As a result, even if the ordinary deadlines for filing a direct appeal had applied here, the non-parties would have satisfied them.

9

On this record, we hold the non-parties exercised reasonable diligence. *See CMH Homes*, 340 S.W.3d at 453 (party who filed unreviewable interlocutory appeal, but alternatively requested mandamus relief, was diligent in seeking mandamus, given that its filing satisfied interlocutory appeal deadline).

*Standing*

Finally, Trewhella and Trejam Properties argue that there is no jurisdiction because the non-parties lack the standing required to secure mandamus relief. We reject this argument because the non-parties' ownership claim suffices to confer standing. They claim that the receiver is attempting to sell property that belongs to them, rather than to a judgment debtor. This claimed interest gives them standing. *See Perez v. Turner*, 653 S.W.3d 191, 198 (Tex. 2022) (in general, one "must plead a particularized, concrete injury" to establish standing to sue); *Charles v. Dickinson Indep. Sch. Dist.*, No. 01-20-00215-CV, 2022 WL 904434, at *5 (Tex. App.— Houston [1st Dist.] Mar. 29, 2022, no pet.) (party who alleged she had been deprived of real property without due process in prior tax delinquency suit had standing to sue to recover ownership of property).

We have jurisdiction to hear the mandamus petition.

10

**The Turnover Order Is Subject to Mandamus Relief**

The standard for mandamus relief is well-settled. To be entitled to a writ of mandamus, the relator must show the trial court abused its discretion and the relator lacks an adequate remedy at law, such as an ordinary appeal. *See, e.g.*, *In re Sherman-Williams Co.*, 668 S.W.3d 368, 370, 372 (Tex. 2023).

This mandamus petition asks if the trial court abused its discretion, leaving no adequate remedy, by permitting the receiver to take control over and sell furniture and equipment that was subject to an ownership dispute, and which non-parties (and not the judgment debtors) claim to own. The answer is yes: mandamus relief is warranted on this record.

*Abuse of Discretion*

The trial court abused its discretion here. Bizkeeping Corp., IPDA Closed Corp., and Fadwa F. Al Ali—who are not judgment debtors—claim ownership of the very office furniture and equipment that the trial court has authorized the receiver to sell for the benefit of the judgment creditors. Despite this, the trial court permitted the sale based on what it characterized as the receiver's prima-facie showing that judgment debtor Shadi or a company under his control is the owner. Binding law says this was improper. *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 585 (Tex. 2018) ("[T]he turnover statute has no provision conferring authority on trial courts to decide the substantive rights of

11

the parties properly before it in a turnover proceeding, let alone the rights of strangers to the underlying judgment."); *Elgohary v. Herrera Partners*, No. 01-13-00193-CV, 2014 WL 2538556, at \*4 (Tex. App.—Houston [1st Dist.] June 5, 2014, no pet.) (judgment creditor "cannot use the turnover statute to determine ownership of disputed funds or litigate issues of alter-ego"); *see also Van Dyke v. Littlemill Ltd.*, 579 S.W.3d 639, 644 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("[W]e conclude that, based on the recent Supreme Court of Texas opinion in *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chemical Co.*, the trial court was not authorized to determine the competing ownership claims of either the parties or the third-party intervenors in a turnover proceeding.").

The Texas turnover statute is a procedural device to aid judgment creditors in satisfying unpaid judgments. *See* TEX. CIV. PRAC. & REM. CODE § 31.002. Under the statute, a judgment creditor may seek judicial assistance to reach a judgment debtor's property, provided that the property is not exempt from attachment, execution, or seizure. *Id.* § 31.002(a). Among other things, a court may (as here) appoint a receiver to take possession of nonexempt property and sell it to satisfy the judgment. *Id.* § 31.002(b).

But the turnover statute does not contain any provision for resolving substantive disputes about the ownership of property. *See id.* § 31.002. And, as controlling law makes clear, a turnover proceeding cannot be used to resolve such

12

disputes. *Elgohary*, 2014 WL 2538556, at \*4 ("Elgohary cannot use the turnover statute to determine ownership of disputed funds or litigate issues of alter-ego.").

This court's precedent explains that a trial court may not issue orders under the turnover statute as to the rights of non-parties. *Id.* at \*3 (order cannot require non-parties to turn over property not subject to judgment debtor's control). "A turnover order that issues against a non-party for property not subject to the control of the judgment debtor completely bypasses our system of affording due process. Otherwise, a court could simply order anyone (a bank, an insurance company, or the like) alleged to owe money to a judgment debtor to hand over cash on threat of imprisonment." *Id.* (quoting *Ex parte Swate*, 922 S.W.2d 122, 125 (Tex. 1996) (Gonzalez, J., concurring)).

Instead, ownership disputes with third parties must be litigated and decided with all the ordinary process that is due to the parties involved. "[A] turnover order cannot be used as a shortcut to avoid judicial proceedings necessary to provide third parties due process in adjudicating their substantive rights." *Id.* at \*4–5 (concluding that turnover statute cannot be used as mechanism to adjudicate substantive rights of non-party, like issues of successor liability, alter ego, or ownership of disputed property; instead, non-party has right to trial on the merits); *see also Tomlinson v. Khoury*, 624 S.W.3d 601, 606 & n.4 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (reiterating that turnover statute "is a purely procedural device" that "is not

13

to be used to determine parties' and non-judgment debtors' substantive rights or ownership rights").

Under that law, the trial court abused its discretion in entering this turnover order: the court ordered relief the statute does not permit. *See In re Alsenz*, 152 S.W.3d at 620 (mandamus is proper if trial court "includes a non-judgment third-party in a turnover order"); *Repub. Ins. Co. v. Millard*, 825 S.W.2d 780, 784–85 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding) (trial court abused discretion by including non-judgment third-party in turnover order; mandamus relief was proper); *see also Mid-Am. Indem. Ins. Co. v. King*, 22 S.W.3d 321, 324 (Tex. 1995) (erroneous interpretation of statute is clear abuse of discretion).

*No Adequate Remedy at Law*

On this record, there is also no adequate remedy at law. A turnover order, like the one before us, is the equivalent of a final judgment that is subject to appeal by a judgment debtor or judgment creditor. *See Alexander Dubose*, 540 S.W.3d at 587 (explaining that turnover order that operates like a mandatory injunction—requiring transfer of property—is final and appealable). But Bizkeeping Corp., IPDA Closed Corp., and Fadwa F. Al Ali are neither judgment debtors nor judgment creditors. Thus, as non-parties to the turnover proceeding, they cannot appeal from the trial court's turnover order. *BASF Fina Petrochemicals*, 168 S.W.3d at 870.

Our court has held that non-parties like these may seek relief from a turnover order that affects them via a petition for a writ of mandamus. *See In re Alsenz*, 152 S.W.3d at 620–21 (reasoning that non-party has no adequate remedy by appeal if its property is turned over). They have no other way to seek review.

Acknowledging this, judgment creditors argue that the non-parties could bring a separate suit for money damages for the loss of their furniture and equipment. We note that they so argue without specifying what claims the non-parties could assert, how this would offer them an adequate remedy, or against whom these claims would be brought once the turnover and sale of this property has been judicially authorized.

The ability to bring a separate suit for damages "is simply not an appellate remedy." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 139 (Tex. 2004). Nor is it an adequate remedy at law in this case.[2]

In the context of this turnover order, which affects the non-parties' property rights as to specific property they claim to own, a separate suit for damages is not an adequate remedy because (at a minimum) these non-parties also lose the substantive right to insist on a trial on the merits—and to have full process—before they are deprived of property they claim is their own. This deprivation of process cannot be

---

[2]   *Cf. Manion v. Lockhart*, 114 S.W.2d 216, 218–19 (Tex. 1938) (indicating mandamus would be inappropriate to compel state treasurer to pay relator who was owed funds previously deposited with treasurer when, among other things, statute authorized lawsuit against treasurer to recover such deposited funds).

remedied by a later suit—brought by the non-parties—for damages on the basis that the property that was sold was in fact theirs. In that later suit, the non-parties would be recast as plaintiffs who will bear the burden of proof, instead of as defendants (with different burdens, potential elements of claims and defenses, and applicable proof) defending their claims to property and resisting claims made against them.

The non-parties here have no adequate remedy at law. *See In re Gonzales*, 619 S.W.3d 259, 264 (Tex. 2021) (mandamus relief is appropriate when a substantive right is lost, regardless of the ultimate outcome); *Elgohary*, 2014 WL 2538556, at *4 (emphasizing that turnover proceeding that adjudicates non-parties' substantive rights short-circuits their due-process rights); *see also Ex parte Swate*, 922 S.W.2d at 126 (Gonzalez, J., concurring) ("It may not be as efficient to require the plaintiff to plead and prove why she has a right to a person's money; however, our system of jurisprudence demands it.").

*Waiver of Mandamus Relief*

Finally, the judgment creditors argue that mandamus relief is inappropriate because, in their view, the non-parties effectively intervened in the turnover proceeding to contest ownership, so the non-parties cannot complain now that the trial court made an ownership determination. We reject this waiver claim.

In their response opposing the receiver's motion to sell the office furniture and equipment, the non-parties argued (correctly) that their rights could not be

16

decided in the turnover proceeding. Yes, the non-parties did claim they, rather than a judgment debtor, owned the furniture and equipment. But they did not seek an adjudication of this ownership dispute in the trial court as part of the turnover proceeding. Instead, the non-parties requested that the trial court deny the receiver's motion.

In any event, our Supreme Court has voiced skepticism of the waiver-by-intervention argument the judgment creditors advance. The Court has explained that "the turnover statute has no provision conferring authority on trial courts to decide the substantive rights of the parties properly before it in a turnover proceeding, let alone the rights of strangers to the underlying judgment." *Alexander Dubose*, 540 S.W.3d at 585. Then, commenting on the very intermediate appellate decision the judgment creditors cite in support of their waiver-by-intervention argument, the Court observed that the intermediate appellate decision in question "does not explain how a third party's consent via a plea in intervention suddenly confers such authority." *Id.* (calling into doubt the validity of *Cre8 Int'l v. Rice*, No. 05-14-00377-CV, 2015 WL 3492629 (Tex. App.—Dallas June 3, 2015, no pet.)).

Moreover, because the non-parties did not in fact intervene below, the adoption of the judgment creditors' position in this instance would insulate from review the trial court's decision to adjudicate the substantive rights of the non-parties. That is, were we to adopt the waiver-by-intervention argument advocated by

the judgment creditors on these facts, the non-parties could not challenge the trial court's turnover order by petition for a writ of mandamus due to waiver—and yet, as non-parties, they could not appeal from it either. They would have no possible forum to seek review of the order.

We decline to adopt a species of waiver that would render the trial court's application of the turnover statute unreviewable. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, No. 09-14-00313-CV, 2019 WL 1181730, at \*5–6 (Tex. App.—Beaumont Mar. 14, 2019, judgm't vacated w.r.m.) (rejecting waiver-by-intervention argument because adopting it would effectively leave intervenor without an appellate remedy).

## CONCLUSION

We deny Trewhella and Trejam Properties' motion to dismiss. We conditionally grant the non-party appellants' petition for a writ of mandamus and instruct the trial court to withdraw its July 16, 2021 turnover order authorizing the receiver to sell the office furniture and equipment at issue. Our writ of mandamus will issue only if the trial court fails to comply with our instruction.



Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.